DAMIEN A. LEE, SBN 430135 (DC)
MARIKO MAE ASHLEY, SBN 311897 (CA)
DEEPA KOLLIPARA, SBN 337455 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0943
Fax No. (415) 522-3425
deepa.kollipara@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SIBITALENT CORP.<br><br>Defendant. | Case No.: 3:26-cv-11106<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Dwight Shackelford ("Shackelford"), an individual adversely affected by such practices. Plaintiff U. S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant, SibiTalent Corp. ("SibiTalent" or "Defendant"), a staffing and recruiting employment agency, subjected Mr. Shackelford to unlawful

discrimination by refusing to refer him for a Business Data Analyst position because of national origin (American).

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Defendant committed the alleged unlawful employment practices in Mountain View, California and Oakley, CA which are within the jurisdiction of the United States District Court for the Northern District of California.

**DIVISIONAL ASSIGNMENT**

3. This action is appropriate for assignment to the San Francisco and Oakland Division of this Court because a substantial part of the unlawful employment practices alleged occurred in Contra Costa County, which is within the jurisdiction of the San Francisco and Oakland Division per L.R. 3-5(b) and 3-2(d).

**PARTIES**

4. Plaintiff EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendant has been a Texas corporation continuously doing business as an employment, staffing, and recruiting agency in the State of California and employing at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant has procured employees for a covered employer or

has procured for employees, opportunities to work for a covered employer, within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

**ADMINISTRATIVE PROCEDURES**

8. More than thirty days prior to the institution of this lawsuit, Shackelford filed EEOC Charge No. 556-2025-00978 with the Commission alleging that Defendant discriminated against him in violation of Title VII.

9. On April 21, 2026, the EEOC issued to Defendant a Determination finding reasonable cause to believe that Defendant violated Title VII (the "Determination Letter").

10. The April 21, 2026 Determination Letter also invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The EEOC provided Defendant the opportunity to remedy the discriminatory practices described in the April 21, 2026 Determination Letter.

12. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. By letter dated August 7, 2026, the EEOC issued to Defendant a notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

15. Since at least July 29, 2025, Defendant, an employment agency, has engaged in unlawful employment practices in Contra Costa County California, in violation of Section 703(b) of Title VII, 42 U.S.C. § 2000(e)-2(b).

16. At all relevant times, Defendant is an information technology staffing, recruiting, and employment agency headquartered in Plano, Texas, with its recruiting team primarily located in India. Defendant contracts with client-companies to identify, screen, and refer applicants for open technology positions which include client-companies in California. Defendant earns a commission when a candidate it refers is hired by a client-company.

17. Defendant's recruiters search networking platforms including LinkedIn to identify candidates with relevant skills sets for referral to Defendant's client-companies, and then contacts those candidates directly regarding available openings.

18. Defendant's recruiters screen candidates based on years of IT experience, years of U.S. work experience, year of graduation and degree, and work authorization status, before submitting candidates to the client-company for further consideration. Defendant's recruiters have authority to decide which candidates to refer to Defendant's client-companies.

19. On or about July 29, 2025, Defendant's Senior Technical Recruiter emailed Shackelford regarding a Business Data Analyst position located in Mountain View, California.

20. At the time, Defendant's Senior Technical Recruiter had approximately two years of professional experience, had graduated college approximately three years prior to Defendant hiring him, and had been employed by Defendant for approximately two weeks prior to contacting Shackelford.

21. At that time, Shackelford's abbreviated resume and contact information were publicly available on LinkedIn.

22. Shackelford is a database developer of American national origin and resided in Oakley, California during the relevant time period. As of July 2025, Shackelford had over a decade of database experience, including construction and analysis, and his most recent jobs included significant experience in database development, SQL querying, and programming in Python. He routinely cleaned and prepared databases, performed data collection using SQL, and engaged in database design and manipulation in his prior roles.

23. At the time Defendant's Senior Technical Recruiter contacted him, Shackelford was actively seeking new employment and was interested in the Business Data Analyst position. Although Shackelford was employed at the time, the position advertised by Defendant paid significantly more than his then-current role.

24. In his July 29, 2025, message, the Senior Technical Recruiter stated that he was reaching out regarding a job opportunity with one of Defendant's client-companies and included a

description of the position and its requirements. Near the top of the email, the message stated **"ONLY H1B"** in large black font, highlighted in red. The message did not identify the client-company, and therefore Shackelford could only apply for the position through a referral from Defendant.

25. Shackelford is an American citizen of American national origin and does not require an H1B visa to work in the U.S. Because of Shackleford's American national origin he would not be eligible to obtain an H1B visa.

26. On or around July 30, 2025, Shackelford asked Defendant's Senior Technical Recruiter whether it was legal to specify "ONLY H1B." Defendant's Senior Technical Recruiter responded, "yeah," and no other explanation. Shackelford further responded, "[C]an you show me where that is legal?" Defendant did not respond and stopped communicating with Shackelford.

27. Defendant failed or refused to refer Shackelford for the Business Data Analyst position because of Shackelford's national origin (American).

28. Shackelford is an American citizen of American national origin, and would not require an H1B visa to work in Mountain View, California. Nor would Shackelford as an American citizen of American national origin be eligible to obtain an H1B visa. Because of this, and because he understood the reference to "H1B" as a stated requirement for individuals who were not of American national origin, Shackelford did not provide his full resume or other job application materials to Defendant, reasonably believing it would be futile to seek referral for the position.

29. Defendant referred two other candidates, of Indian and Nepalese national origin, respectively, for the Business Data Analyst position.

30. During the relevant period, Defendant maintained internal training materials instructing recruiters on company policies and procedures for referrals which focused on U.S. work-visa categories and directed recruiters on how to screen candidates holding H1B visas. Defendant's business model relies heavily on recruiting and referring candidates who are not of American national origin to work for U.S. companies.

31. The effect of the practices complained of in paragraphs 14-29 has been to deprive

Shackelford of equal employment opportunities and otherwise to adversely affect his status as an employee because of his national origin.

32. As a direct and proximate result of the practices complained of in paragraphs 14-29, Shackelford has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, and emotional pain and suffering.

33. The unlawful employment practices complained of in paragraphs 14-29 were intentional and were done with malice or with reckless indifference to the federally protected rights of Shackelford.

## PRAYER FOR RELIEF

Wherefore the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant SibiTalent Corp. and its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all applicants and employees of American national origin, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Shackelford by providing appropriate back pay with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant to make whole Shackelford by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 29 above, including past and future out-of-pocket expenses including but not limited to job search and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Shackelford by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14 through 29 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and

humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 14 through 29 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: Respectfully submitted,

BY: *__/s/ Damien A. Lee__*
DAMIEN A. LEE
Acting Regional Attorney

BY: *__/s/ Mariko Mae Ashley__*
MARIKO MAE ASHLEY
Acting Assistant Regional Attorney

BY: *__/s/ Deepa Kollipara__*
DEEPA KOLLIPARA
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: 650.684.0929
deepa.kollipara@eeoc.gov

*Attorneys for Plaintiff EEOC*

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507